■
**UNITED STATES ex rel. Stanley KULIS, Relator-Appellant,**

v.

**Vincent R. MANCUSI, Warden of Attica Prison, Attica, New York, Respondent-Appellee.**

**No. 485, Docket 31344.**

United States Court of Appeals Second Circuit.

Argued June 12, 1967.

Decided July 14, 1967.

Certiorari Denied Nov. 6, 1967.

See 88 S.Ct. 305.

Bartholomew J. Rebore, Forest Hills, N. Y., for relator-appellant.

Barry Mahoney, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., Brenda Soloff, Asst. Atty. Gen., on the brief), for respondent-appellee.

Before HAYS and FEINBERG, Circuit Judges, and McLEAN, District Judge.*

PER CURIAM:

There is little that we wish to add to the opinion of Judge Henderson in the district court (272 F.Supp. 261 (N.D. N.Y.1967)). Our decision in United States v. Curry, 358 F.2d 904 (2d Cir. 1965), cert. denied, 385 U.S. 873, 87 S. Ct. 147, 17 L.Ed.2d 100 (1966), covers this case. It is suggested that the rule which we there adopted, i. e., that a statement taken from a defendant in violation of his right to counsel may be used to impeach his trial testimony on matters collateral to the ultimate issue of guilt, has been overruled by a dictum in Miranda v. State of Arizona, 384 U.S. 436,

477, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The Supreme Court there said that "statements merely intended to be exculpatory by the defendant are often used to impeach his testimony at trial * * *. These statements are incriminating in any meaningful sense of the word and may not be used without the full warnings and effective waiver required for any other statement."

It is a sufficient answer, as far as this case is concerned, to point out that *Miranda* applies only to trials begun after June 13, 1966. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed. 2d 882 (1966). The trial in the present case was held in December 1964.

The order is affirmed.